UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT F. COOPER, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 12-1340 (RMC) |
| GREGORY JACKSON, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION**

Pro se Plaintiff Robert Cooper, Jr., brought this suit regarding events that occurred decades ago. Because some of his claims were barred by statutes of limitations, those claims were dismissed. *See* Order [Dkt. 3]. Mr. Cooper seeks reconsideration and reversal of the order dismissing those claims. Defendants oppose reconsideration and also seek dismissal of the remaining claims on res judicata grounds. Both matters are fully briefed. As explained below, Mr. Cooper's motion for reconsideration will be denied and Defendants' motion to dismiss will be granted.

**I. FACTS**

In 1981, Mr. Cooper was employed as a Metropolitan Police Department (MPD) police officer. Midway through his probationary first year, in June 1981, he was dismissed. He brought suit in federal court in that year challenging his dismissal and seeking reinstatement. *See* Mot. to Dismiss [Dkt. 12], Ex. 1 [Dkt. 12-1] (*Cooper v. Barry*, Civ. No. 81-2883, slip op. at 1 (D.D.C. Sept. 27, 1989)). In a January 13, 1984 opinion, the district court ordered MPD to reinstate him, finding that the dismissal violated Mr. Cooper's rights to Due Process under the

1

Fifth Amendment. *Id*. MPD required Mr. Cooper to undergo a reinstatement physical exam on May 30, 1985 and a reinstatement psychiatric exam on October 2, 1985; MPD reinstated Mr. Cooper on December 22, 1986.

Upon reinstatement, Mr. Cooper was required to undergo another physical exam, including a drug test. He tested positive for marijuana, and MPD recommended his termination. *Id*. at 2. Mr. Cooper unsuccessfully challenged this recommendation before MPD's Adverse Action Panel, also known as MPD's Trial Board. *Id*. MPD adopted the Panel's recommendation of termination, and Mr. Cooper appealed to the Chief of Police. The Chief denied the appeal on February 15, 1989. *Id*. Mr. Cooper was terminated on March 11, 1989. *Id*.

Mr. Cooper continued to challenge his termination. Much litigation ensued, as described below, with courts sometimes ruling in favor of Mr. Cooper and other times ruling in favor of the MPD. In the end, Mr. Cooper's termination was upheld.

The additional litigation regarding Mr. Cooper's termination proceeded as follows: After his termination on March 11, 1989, Mr. Cooper requested a hearing before the Office of Employee Appeals (OEA). He alleged that MPD tampered with his urine sample, rendering faulty results, and thus MPD should not have been allowed to use the urine sample as evidence for his termination. *See* Mot. to Dismiss, Ex. 2 [Dkt. 12-2] (*Metropolitan Police Dep't v. D.C. Office of Employee Appeals*, 2008 CA 8607, slip op. at 2 (D.C. Super. Ct. Feb. 7, 2012)). Mr. Cooper also raised constitutional claims. The OEA rejected Mr. Cooper's arguments and affirmed the ruling of the Trial Board. *Id*.

While the OEA appeal was pending, Mr. Cooper filed in federal district court a motion for contempt and to enforce the 1984 judgment requiring reinstatement. Mr. Cooper alleged that MPD acted improperly by requiring him to take a physical exam and that he was

treated unfairly as a "marked man." *Cooper*, Civ. No. 81-2883, slip op. at 3.  The district court denied the motion, noting that Mr. Cooper was in fact reinstated as ordered. *Id*.  Further, the court explained the OEA, as the relevant administrative body, was the proper forum for addressing Mr. Cooper's claims. *Id*. at 5-6.

Mr. Cooper appealed the OEA ruling to the full OEA Board.  He again raised his claim that MPD should not have used his urine sample as evidence.  He did not appeal the denial of his constitutional claims.  The OEA Board determined that MPD had not established a proper chain of custody and remanded the case for consideration of the irregularities in the custody chain.  On remand, the administrative judge reversed the ruling of the Trial Board.  MPD appealed, and the ruling of the administrative judge was affirmed.  MPD then filed a petition in D.C. Superior Court, asking that the OEA decision requiring reinstatement be vacated and that the Trial Board's first decision terminating Mr. Cooper's employment be affirmed. *Metropolitan Police Dep't*, 2008 CA 8607, slip op. at 3.  The D.C. Superior Court vacated the OEA decision and remanded the case to the Trial Board for reimposition of the original order that terminated Mr. Cooper. *Id*. at 9.  The Superior Court concluded that the OEA had erred in reversing the Trial Board's ruling because the OEA had transgressed its appellate authority.  The Trial Board's decision to admit the urine specimen was supported by substantial evidence, and the OEA was not permitted to substitute its judgment on appeal. *Id*. at 7-9.  In sum, on February 7, 2012, the Superior Court affirmed Mr. Cooper's 1989 termination. *Id*.[1]

Subsequently, on August 8, 2012, Mr. Cooper brought this suit against Gregory Jackson, D.C. Superior Court Judge; Peter Nickles, former D.C. Attorney General; Frank

---

[1] Mr. Cooper moved for reconsideration of the Superior Court's ruling, but his motion was denied. *See* Mot. for Recons. [Dkt. 8], Ex. 2 (*Metropolitan Police Dep't*, 2008 CA 8607, slip op. (D.C. Super. Ct. Apr. 23, 2012)).  Mr. Cooper did not appeal.

McDougald, Assistant Attorney General; Nadine Wilburn, Chief Counsel of the D.C. Labor and Employment Division; Andrea Comentale, Chief of the D.C. Personnel and Labor Relations Section; Cathy Lanier, Chief of the D.C. MPD; Jack Raher, Chief Psychiatrist of the Board of Police and Fire Surgeons; James Wellhouse, Psychiatrist employed by the Board of Police and Fire Surgeons; Robert Noyes, MPD Captain; Thomas Carroll, MPD Inspector; Robert Boggs, MPD Captain; and William Ritchie, MPD Captain (collectively, Defendants).  He alleges that Defendants (1) violated the 1984 federal court opinion and order requiring Defendants to reinstate him; (2) improperly required him to undergo a physical exam in May 1985 and psychiatric exam in October 1985; (3) labeled him a "sociopath" and a "con man" pursuant to the examinations; and (4) improperly required him to undergo a second physical exam in 1987.  He further alleges that psychiatric records that he discovered on November 6, 1991 "revealed defendants' predisposition to effecting complainant's disqualification and dismissal."  Compl. [Dkt. 1] at 8.  Mr. Cooper claims defamation, libel, employment discrimination, harassment, retaliation, and violations of the Fourth, Fifth, Seventh, and Fourteenth Amendments.

The Court sua sponte dismissed Mr. Cooper's claims for defamation, libel, and constitutional violations because those claims were barred by statutes of limitations.  *See* D.C. Code § 12-301(4) (one-year statute of limitations applies to defamation and libel claims); *Carney v. Am. Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (three-year statute of limitations applies to constitutional claims under 42 U.S.C. § 1983).  Those claims were untimely, as the latest actions alleged in the Complaint occurred or were discovered in 1991, more than twenty years ago.

Mr. Cooper moves for reconsideration of the claims for defamation, libel, and

violations of the Fourth, Seventh, and Fourteenth Amendments.[2] Defendants oppose and move for dismissal of the remaining claims of discrimination, harassment, and retaliation based on res judicata.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Motion for Reconsideration

Mr. Cooper moves for reconsideration of the order dismissing his claims for claims for defamation, libel, and constitutional violations due to the applicable statutes of limitations. Federal Rule of Civil Procedure 54(b), which governs Mr. Cooper's motion, provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Relief under Rule 54(b) is available "as justice requires." *DL v. District of Columbia*, 274 F.R.D. 320, 324 (D.D.C. 2011). "[A]sking 'what justice requires' amounts to determining, within the court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Circumstances that may be relevant include whether the court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Ficken v. Golden*, 696 F. Supp. 2d 21, 35 (D.D.C. 2010) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)) (alterations in original). A court's discretion under Rule 54(b) is limited by the law of the case doctrine and is "subject to the caveat that, where litigants have once battled for

---

[2] Mr. Cooper titled his motion for reconsideration as "Motion to Reinstate Claims." He did not move to revive the Fifth Amendment claim, and that claim stands dismissed. *See* Mot. for Recons. at 1.

the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).

Mr. Cooper has not met the standard for reconsideration. He has not shown that the Court misunderstood him, made a decision outside the issues presented, or made an error of apprehension. *See Ficken*, 696 F. Supp. 2d at 35. Nor has he pointed to any significant change in the law or facts. *Id.* Instead, Mr. Cooper argues that the statutes of limitations should be tolled because he has been involved in the extensive litigation described above. This argument fails because pending administrative proceedings and litigation do not toll limitations periods. "The pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980). In other words, where a plaintiff may concurrently pursue claims independent of internal grievance procedures, such as those under 42 U.S.C. § 1983 or Title VII, 42 U.S.C. § 2000e *et seq.*, courts do not toll the limitations period for those claims. *See, e.g., Foster v. Gonzales*, 516 F. Supp. 2d 17, 24 (D.D.C. 2007). Mr. Cooper's motion for reconsideration will be denied.

   **B. Motion to Dismiss**

      **1. Rule 12(b)(6) Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual

6

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id*. Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3.

A court must treat a complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks and citation omitted); *see Covad Commc'ns Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of facts contained in public records of other proceedings).

### 2. Res Judicata

Defendants move for dismissal of Mr. Cooper's claims of discrimination, harassment, and retaliation pursuant to the doctrine of res judicata. Res judicata, also called claim preclusion, is an affirmative defense that is generally pleaded in an answer, but also may

be properly brought in a pre-answer motion to dismiss under Rule 12(b)(6). *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008). "[U]nder res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.D.C. 2002) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (emphasis added)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 947 (D.C. Cir. 1983). That is, res judicata bars a subsequent suit "if there had been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final valid judgment on the merits." *Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010).[3] Two cases involve the same cause of action if they share the same "nucleus of facts." *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). To determine whether two cases share the same nucleus of facts, courts consider "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997).

       Res judicata advances the "purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Montana v. United States*, 440 U.S. 147, 153 (1979). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id*. at 153-54. In short, the doctrine

---

[3] "A privy is one so identified in interest with a party to the former litigation that he . . . represents precisely the same legal right in respect to the subject matter of the case—in other words, a person who or entity that is in privity with the party." *Wilson v. Fulwood*, 772 F. Supp. 2d 246, 261 (D.D.C. 2011) (internal quotation marks and citation omitted).

embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Commc'ns. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005). Thus, a plaintiff is required to present in a single suit all claims for relief that he may have arising out of the same transaction or occurrence. *U.S. Indus. Inc. v. Blake Constr. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985).

Administrative proceedings have preclusive effect when "the administrative tribunal 'is acting in a judicial capacity and resolves issues of fact . . . which the parties have had an adequate opportunity to litigate,' and there is an opportunity for judicial review of adverse decisions." *Bers v. United States*, 666 F. Supp. 1, 2 (D.D.C. 1987) (quoting *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1965)). In *Bers,* the plaintiff claimed that he was dismissed in retaliation for whistleblowing. The court found that the claim was barred by res judicata because the plaintiff had the opportunity to litigate it in prior administrative proceedings before the Merit Systems Protection Board. *Id*. at 2-3.

Mr. Cooper litigated his claims before administrative tribunals—the Trial Board and the OEA—and, finally, in D.C. Superior Court. While his claims for discrimination, harassment, and retaliation may be different than the precise claims he already litigated, he had the opportunity to litigate all such claims in the administrative fora and in Superior Court. The Superior Court issued a final judgment against him on the merits. Res judicata bars *this* suit because there has been prior litigation involving the same nucleus of operative facts, between the same parties or their privies, resulting in a final valid judgment. *See Porter*, 606 F.3d at 813. Res judicata precludes Mr. Cooper from relitigating issues that were *or could have been raised* in the prior action. *See Drake*, 291 F.3d at 66. Accordingly, Defendants' motion to dismiss will be granted.

### III. CONCLUSION

        Mr. Cooper's motion for reconsideration [Dkt. 8] will be denied. Further, because res judicata bars Mr. Cooper's other claims, the Court will grant Defendants' motion to dismiss [Dkt. 12]. The Complaint will be dismissed with prejudice. A memorializing Order accompanies this Memorandum Opinion.


Date:  April 23, 2013

                                                                     /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge